Welch, J.
We think the court of common pleas erred in ordering the written examinations to be stricken from the transcript. They are a very important part of the proceeding, and, indeed, the only part which the statute directly requires to be' recorded. Without them it is impossible to say whether the court had jurisdiction to render the judgment, or rather, the court being of limited jurisdiction, it is impossible to find anything which gave it power to render the judgment. If the examinations showed that the defendant assented to the truth and justice of the charges, the court had authority to render the judgment; otherwise, we hold the court had no such power. If the defendant denied the truth of the charge, he had a constitutional right to a jury trial, and could not be deprived of that right by this summary proceeding, in which no provision is made for a jury trial, or for the right of appeal. The statutory provision authorizing a judgment can only be sustained as constitutional and valid in so far as it applies to a case where the defendant does not controvert the truth of the complaint.
For the error committed by the court of common pleas in striking from the transcript the written examinations, the judgment will be reversed, and the cause remanded to the -court of common pleas for further proceedings according to law.*
Brinkerhoff, C.J., and Scott, White, and Day, JJ., concurred.